UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANDRE JUSTE, A78-367-619,

**DECISION AND ORDER**
**and**
Petitioner,          **ORDER TO SHOW CAUSE**

v.

16-CV-00433-LJV-JJM

LORETTA E. LYNCH, Attorney General;

JEH CHARLES JOHNSON, Secretary of the
Department of Homeland Security;

MICHAEL PHILLIPS, U.S. Field Director for the
Todd Tryon Field Office and Warden of Immigration
Detention Facility,

Respondents.

_____

On May 3, 2016, *pro se* petitioner Andre Juste filed a Petition pursuant to 28

U.S.C. §2241 seeking a writ of habeas corpus ordering his release from the custody of the

Department of Homeland Security, Immigration and Customs Enforcement. Petition [1].[1] Hon.

Lawrence J. Vilardo referred the matter to me pursuant to 28 U.S.C. §636(b)(1), for all

proceedings necessary to determine the factual and legal issues presented and for preparation of a

Report and Recommendation  [12].  Before me is petitioner's motion to transfer this action to the

Southern District of Florida [13].  For the following reasons, the motion is denied and the parties

shall show cause why this action should not be dismissed, without prejudice.

---

[1]     Bracketed references are to the CM/ECF docket entries.

## BACKGROUND

Petitioner filed his Petition in the United States District Court for the Eastern District of Virginia although he was housed in Batavia, New York at the time [1].[2]  By Memorandum Order dated May 26, 2016 [3], that court transferred the action here, and identified the Warden of the Immigration Detention Facility in Batavia, New York as being the proper respondent (id., p. 1 of 2, n. 1). On June 9, 2016, Judge Vilardo granted petitioner *in forma pauperis* status and set a briefing schedule for the Petition.  June 9, 2016 Order [5], pp. 2-3. Before the deadline for respondents' response to the Petition, petitioner filed a "Motion in Response Petitions", seeking summary judgment, and a "Motion to Show Cause".  [7], pp. 4, 9, 23 of 26.  No briefing schedule was set on that motion.

At some point, petitioner was transferred from the Immigration Detention Facility in Batavia to the Krome Processing Center in Miami, Florida.  Based upon that transfer, petitioner moves to transfer the action to the Southern District of Florida [16].  In response to the motion, the respondents note that petitioner is currently detained at the Columbia Regional Care Center in Columbia, South Carolina. Respondents' Opposition.  [16], p. 3 of 6.

## ANALYSIS

### A.  Petitioner's Motion to Transfer

"[T]he only court with proper jurisdiction to hear a habeas corpus petition challenging current confinement is the court in the district of the alien's confinement at the time of the petition's filing."  Sikivou v. Department of Homeland Security, 2007 WL 2141564, *2

---

[2]      He also filed another Petition (16-CV-444) in the Southern District of New York, which was also transferred to this Court, but because that Petition challenged the same detention pending removal, it was dismissed as being duplicative of this action.  *See* Judge Vilardo's June 9, 2016 Order [5], p. 2 of 3.

(S.D.N.Y. 2007).  Since petitioner was detained in the Western District of New York at the time

he filed the Petition,  that is the only proper jurisdiction to adjudicate the Petition.

Petitioner relies on the venue transfer statutes, including 28 U.S.C. §§1404(a),

1406(a) [3], and 1631, as the authority supporting the transfer of this action. However, "the venue

transfer statutes are clear - this Court lacks the authority to transfer to a district where the action

could not have been brought when it was initially commenced".  Mendez v. Martin, 2016 WL

2849598, *6 (D.R.I.), adopted, 2016 WL 2732182 (D.R.I 2016). See also Aitcheson v. Holder,

2015 WL 10434871, *2 (D. Mass. 2015); Taylor v. Berkebile, 2009 WL 1362488, *1 (S.D.W.

Va. 2009).

"When Petitioner filed this petition, he could only file here as his immediate

custodian was [located in this District]. Accordingly, a venue transfer is not an available

solution." Mendez, 2016 WL 2849598, *6. See also Gonzalez v. Grondolsky, 152 F. Supp. 3d

39, 47 (D. Mass. 2016) ("[w]hen Petitioner filed the petition . . . he could have only brought the

action in this district, as his immediate custodian was located here; [other districts were] not an

option").  Since petitioner offers no other authority supporting the transfer of this action, his

motion is denied.


**B.  Order to Show Cause**

Petitioner's detention outside of this District also requires me to consider whether

the Petition can and should be determined here.  "Ordinarily, if a district court has proper

jurisdiction when a habeas petition is filed, a subsequent transfer of the prisoner will not defeat

habeas jurisdiction . . . . This remains true, however, only so long as an appropriate respondent

---

[3]        Although petitioner's motion relies on 28 U.S.C. §1401, I will assume, given his *pro se* status,
that he intended to rely on 18 U.S.C. §1404(a) and/or §1406(a).

with custody remains in the district." <u>Levon v. Eichenlaub</u>, 2008 WL 5422682, at *2 (E.D. Mich. 2008). That is so because of the territorial-jurisdiction rule, which limits district courts to granting habeas relief "within their respective jurisdictions" 28 U.S.C. §2241(a), and the immediate-custodian rule, which requires the proper respondent to be "the warden of the facility where the prisoner is being held". <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 435 (2004). <u>See</u> <u>Mendez</u>, 2016 WL 2849598, *3-4.[4]

As the respondents note, the proper respondent in this action is Todd Tryon, Director of the Buffalo Federal Detention Facility. S*ee* Respondents' Answer [9], p. 1 of 11 n. 1; Respondents' Memorandum of Law [10], p. 1 of 13, n. 1; Respondents' Opposition [16], pp. 3-4 of 6. However, he no longer appears to have custody of petitioner. Nor is it clear to me that this Court has jurisdiction over any other respondent with immediate custody of petitioner.[5] Therefore, by October 6, 2016, the parties shall show cause in writing why this case should not be dismissed, without prejudice to refiling in an appropriate jurisdiction against am appropriate respondent. *See* <u>Levon</u>, 2008 WL 5422682, *2 ("Although Petitioner was incarcerated in Milan, Michigan, at the time he instituted this action, he is now incarcerated in McKean, Pennsylvania . . . . Petitioner's transfer out of this district and to a different BOP region means that the Court no longer has jurisdiction over his custodian. Because the Court lacks jurisdiction over Petitioner's custodian, it cannot grant him the relief he seeks in his petition"); <u>Gonzalez</u>, 152 F. Supp. 3d at 44 ("As the only named respondent is the warden of FMC Devens, and as Petitioner has been

---

[4]     "[T]he rules (immediate-custodian and territorial-jurisdiction) are not jurisdictional 'in the sense of subject-matter jurisdiction.' . . . Indeed, the precise nature of these rules is not entirely clear. . . . Nevertheless, however they may be characterized, at bottom, this Court must consider whether the named respondent has the power to provide the relief sought." <u>Mendez</u>, 2016 WL 2849598, *5.

[5]     Although respondents allege that they consent to the continued jurisdiction of this Court, they offer no authority supporting the proposition that the immediate-custodian and territorial-jurisdiction rules may be overcome by consent. Respondents' Opposition [16], p. 4 of 6.

transferred to another federal facility and is in the custody of a different warden, this action is now moot"); Mendez, 2016 WL 2849598, *4 ("Once the petitioner is in the custody of a warden beyond the reach of the respondent, the action becomes moot").

## CONCLUSION

For these reasons, petitioner's motion to transfer [13] is denied.  By October 6, 2016, the parties shall show cause in writing why this case should not be dismissed, without prejudice to refiling in an appropriate jurisdiction against an appropriate respondent.


**SO ORDERED**.

Dated:   September 6, 2016

_____
Jeremiah J. McCarthy
United States Magistrate Judge