UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDRE JUSTE, A78-367-619,

                                      **REPORT and**
                                      **RECOMMENDATION**

                        Petitioner,

v.
                                      16-CV-00433-LJV-JJM

LORETTA E. LYNCH, Attorney General;

JEH CHARLES JOHNSON, Secretary of the
Department of Homeland Security;

MICHAEL PHILLIPS, U.S. Field Director for the
Todd Tryon Field Office and Warden of Immigration
Detention Facility,

                      Respondents.
_____

        On May 3, 2016, *pro se* petitioner Andre Juste filed a Petition pursuant to 28 U.S.C. §2241, seeking a writ of habeas corpus ordering his immediate release from respondents' custody, an injunction enjoining respondents from unlawfully detaining him in the future, and an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). Petition [1], p. 9.[1] In addition to filing a litany of motions seeking his release and for expedited relief [7, 28, 30, 35, 36, 37, 39, 40, 43, 44], petitioner also recently moved for appointment of counsel [46]. Hon. Lawrence J. Vilardo referred the matter to me pursuant to 28 U.S.C. §636(b)(1), for all proceedings necessary to determine the factual and legal issues presented and for preparation of a Report and Recommendation [12]. For the following reasons, I recommend that the Petition [1] and that all other pending motions [7, 28, 30, 35, 36, 37, 39, 40, 43, 44, 46] be denied, without prejudice.

---

[1]     Bracketed references are to the CM/ECF docket entries.

## BACKGROUND

Petitioner is a native and citizen of Haiti, who unlawfully entered the United States. Payan Declaration [9-1], ¶5. While in the United States, petitioner was convicted of a number of criminal offenses from March 2000 through January 2010. Id., ¶¶6(a)-(l). On September 22, 2015, petitioner was encountered at the Peace Bridge Port of Entry in Buffalo, New York, and was placed into the custody of the United States Department of Homeland Security ("DHS"). Id., ¶10. Shortly thereafter, petitioner was served with a Notice of Intent to Issue a Final Administrative Removal Order under the Immigration and Nationality Act, 8 U.S.C. §1101 *et seq.*, which alleged that he was deportable as an alien who had been convicted of an aggravated felony. Id., ¶11. He admitted the allegations in the Notice of Intent, acknowledged that he was deportable, and requested to be removed to either Canada or the Netherlands. Id., ¶12. Consequently, a Final Administrative Removal Order was issued. Id., ¶13. However, petitioner appealed that order on October 16, 2015, and requested a stay of removal. Id., ¶15.

While the appeal was pending, DHS cancelled the Final Administrative Removal Order and placed petitioner in immigration removal proceedings pursuant to 8 U.S.C. §1182(a)(6)(A)(i), for being an alien present in the United States without being admitted or paroled, and pursuant to 8 U.S.C. §1182(a)(2)(A)(i)(II), for being an alien convicted of a controlled substance offense. Id., ¶16; [9-2], p. 16. This was followed by additional charges alleging that he was deportable pursuant to 8 U.S.C. §1182(a)(2)(A)(i)(I), for being an alien convicted of a crime involving moral turpitude. Payan Declaration [9-1], ¶17; [9-2], p. 12.

On January 26, 2016, Immigration Judge John Reid denied petitioner's first request for a change in his custody status, concluding that he was subject to mandatory custody pursuant to 8 U.S.C. §1226(c). Payan Declaration [9-1], ¶18; [9-2], p. 11.  That decision was appealed by petitioner to the Board of Immigration Appeals ("BIA").  Payan Declaration [9-1], ¶18.

On March 28, 2016, Judge Reid denied petitioner's applications for relief from removal, and ordered him removed to the Netherlands or Haiti.  Payan Declaration [9-1], ¶20; [9-2], p. 9.  On that date, after conducting a custody redetermination hearing, Judge Reid also denied petitioner's second request for a change in his custody status. [9-2], p. 8.  Petitioner appealed both determinations.  Payan Declaration [9-1], ¶¶20, 21.  While these appeals were pending, petitioner was transferred from the Buffalo Federal Detention Facility in Batavia, New York, to the Columbia Regional Care Center in Columbia, South Carolina. Id., ¶22.

On May 3, 2016, petitioner commenced this action in the Eastern District of Virginia [1].  Since petitioner was detained in this District at the time he filed the Petition, the case was transferred here by Memorandum Order dated May 26, 2016 [3].

Following the commencement of this action, petitioner's appeals from the two decisions denying his requests for a change in his custody status were decided by the BIA.  In June 2016 the BIA dismissed petitioner's appeal from Judge Reid's January 26, 2016 decision ([9-2], pp. 6-7) and denied petitioner's appeal from his March 28, 2016 decision, concluding that there was no clear error in his determination that petitioner presents a danger to the community "[g]iven [his] extensive criminal history, which includes a 2013 conviction for possession of cocaine with a sentence of 12 months and 2007 conviction for simple possession of crack cocaine". Id., pp. 3-4.  On July 21, 2016, the BIA also remanded the decision denying his

application for relief from removal for consideration of petitioner's competency.  [17], pp. 5-6 of 8.

On August 5, 2016, petitioner filed a petition pursuant to 28 U.S.C. §2241 in the Southern District of Florida seeking relief similar to that sought in this action.  See Juste v. US Immigration and Customs Enforcement, *et al.* (1:16-cv-23357). [2]  He also moved to transfer this action to the Southern District of Florida, where he was then being detained at the Krome Processing Facility in Miami, Florida [13].  By Decision and Order dated September 6, 2016 [19], I denied petitioner's motion to transfer, and issued an Order to Show Cause ("OSC") directing the parties to demonstrate why the action should not be dismissed, without prejudice, based upon petitioner's transfer out of this District. Id.  After considering the parties' responses to the OSC, I issued a Report and Recommendation dated October 14, 2016 [25], recommending that the action be dismissed, without prejudice to petitioner's right to maintain his pending action in the Southern District of Florida or to re-file in another district, if necessary.

While that Report and Recommendation was pending, petitioner filed a notice with the court indicating that he had been transferred back to the Buffalo Federal Detention Center [29].  Based upon that notice and materials filed in the Southern District of Florida action, which indicated that a November 8, 2016 proceeding was scheduled before the Immigration Court in Batavia, New York (16-cv-23357 [28-17]), and that a custody redetermination hearing was scheduled for November 30, 2016 (id., [28-17]), I scheduled a December 21, 2016 conference, at which I rescinded my Report and Recommendation as a result of petitioner's return to this District, and set deadlines for the parties to make any further submissions concerning the Petition.  December 21, 2016 Text Order [33].

---

[2]    That action remains pending.  Since being detained, petitioner has also commenced a number of civil actions in this court and recently filed two additional habeas petitions (16-cv-00959(LJV) and 16-cv-01007(LJV)).

In their Supplemental Response in opposition to the Petition [41], respondents state that petitioner is "not yet subject to a final order of removal", since "his remanded proceeding[s] before the Immigration Judge continue". Respondents' Supplemental Memorandum of Law [42], p. 3. Without any specifics as to the nature of the proceedings, respondents' counsel states that "(a) at the Immigration Court proceeding held on January 11, 2017, [petitioner's] assigned trial counsel, Ysabel Hernandez, Esq., appeared as *pro bono* counsel . . . in the immigration proceeding, (b) Attorney Hernandez requested an adjournment of the Immigration Court proceedings, (c) the Immigration Judge granted a 30-day adjournment, and (d) Juste's immigration court proceedings are now scheduled for a further hearing on February 23, 2017." Mitchell Affidavit [41], ¶8.

## ANALYSIS

**A.    The Petition**

The Petition [1] is brought pursuant to 28 U.S.C. § 2241, which "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" Wang v. Ashcroft, 320 F.3d 130, 140 (2d Cir. 2003) (*quoting* 28 U.S.C. § 2241(c)(3)). Relying on Zadvydas v. Davis, 533 U.S. 678 (2001), petitioner alleges that his continued detention violates 8 U.S.C. §1231(a)(6), as well as his substantive and procedural due process rights. Petition [1]. Respondents oppose the Petition by arguing that petitioner's reliance on Zadvydas is misplaced, since he is not subject to a final order of removal (Respondents' Memorandum of Law [10], pp. 8-10), that he has received sufficient procedural due process by having an individualized bond hearing pursuant to Lora v. Shanahan, 804 F.3d 601 (2d Cir. 2015), cert. denied, __U.S.___, 136 S. Ct. 2494 (2016) (id., pp.

10-11), and that he has not demonstrated that his removal proceedings have been unreasonably delayed. Id., p. 10. I agree with respondents.

In Zadvydas, the Court held that the detention of removable aliens for a period of up to six months following a final order of removal is presumptively reasonable under 8 U.S.C. §1231(a), but that where the length of detention exceeds that period, it may be challenged by demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future". 533 U.S. at 701. Although the Petition alleges that petitioner's detention "contravenes 8 U.S.C. § 1231(a)(6) as interpreted . . . in Zadvydas" (Petition [1], ¶22), that statute "governs detention of aliens who are subject to a *final* order of removal". Guerra v. Shanahan, 831 F.3d 59, 62 (2d Cir. 2016) (emphasis added). Since there is not yet a final order of removal in this case, petitioner's continued detention is governed by 8 U.S.C. §1226(a), which "authorizes the detention of an alien 'pending a decision on whether the alien is to be removed from the United States'". Id. (*citing* 8 C.F.R. §1236.1(d)(1)).

Under that statute, aliens who are "inadmissible by reason of having committed any offense covered in [8 U.S.C. §]1182(a)(2)" are subject to mandatory detention. "[M]andatory detention under section 1226(c) is permissible", but "in order to avoid [due process] concerns raised by indefinite detention, an immigrant detained pursuant to section 1226(c) must be afforded a bail hearing before an immigration judge within six months of his or her detention". Lora, 804 F.3d at 616. Petitioner has been afforded that protection by having had at least one custody redetermination hearing on or about March 28, 2016. [9-2], pp. 3, 8.

Nor does petitioner allege or demonstrate that his removal proceedings have been unreasonably delayed. While petitioner has been detained for approximately 16 months, "there is no evidence in the record that the government has dragged its feet". Adler v. United States

Department of Homeland Security, 2009 WL 3029328, *2 (S.D.N.Y. 2009). The delay appears to have arisen, in part, from competency concerns, as well as petitioner's appeals to the Second Circuit and the BIA , a "perfectly permissible" litigation strategy. Doherty v. Thornburgh, 943 F.2d 204, 211 (2d Cir. 1991). However, "he may not rely on the extra time resulting therefrom to claim that his prolonged detention violates substantive due process". Id. See also Thompson v. Lynch, 2017 WL 344970, *6 (W.D.N.Y. 2017) ("because petitioner's removal has been delayed by his own actions in pursuit of relief in the federal courts, neither his detention pending the circuit court's final ruling, nor its duration, can be found to constitute a violation of petitioner's rights under the due process clause of the Fifth Amendment").

       Therefore, I recommend that the Petition be denied, including petitioner's request for injunctive relief and for attorney's fees and costs under the EAJA, without prejudice to his right to file another habeas petition if his continued detention becomes violative of the Constitution or otherwise unlawful. See Yafaee v. Holder, 2010 WL 451030, *3 (S.D.N.Y. 2010) (the EAJA "only authorizes payment to a 'prevailing party,' a status which Mr. Yafaee has not attained because his petition is moot . . . . Furthermore, because Mr. Yafaee has proceeded *pro s*e in this litigation, he could not recover attorneys' fees even if he had prevailed").

**B.**    **Pending Motions**

       During the pendency of this action, petitioner has filed a number of motions [7, 28, 30, 35, 36, 37, 39, 40, 43, 44] seeking his release from custody based upon his prolonged detention and for expedited relief. Based upon my recommendation that the Petition be denied, I likewise recommend that all pending motions, including petitioner's motion for appointment of

counsel [46], be denied as moot, but without prejudice to his right to seek this relief in any future habeas actions. See Arthur v. DHS/ICE, 713 F. Supp. 2d 179, 183 (W.D.N.Y. 2010).

## CONCLUSION

For these reasons, I recommend that the Petition [1] and all pending motions [7, 28, 30, 35, 36, 37, 39, 40, 43, 44, 46] be denied, without prejudice, and that the court certify, pursuant to 28 U.S.C. §1915(a), that any appeal from the denial would not be taken in good faith, and that leave to appeal to the Court of Appeals as a poor person be denied. See Thompson, 2017 WL 344970, *7.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by February 28, 2017. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new

- 9 -

arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:   February 14, 2017

                                                 /s/ Jeremiah J. McCarthy
                                                JEREMIAH J. MCCARTHY
                                                United States Magistrate Judge