UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANDRE JUSTE, A78-367-619,

      Petitioner,

    v.                                                       16-CV-433(LJV)(JJM)

LORETTA E. LYNCH, Attorney General;

JEH CHARLES JOHNSON, Secretary of the
Department of Homeland Security;

MICHAEL PHILLIPS, U.S. Field Director for the
Todd Tryon Field Office and Warden of
Immigration Detention Facility;

      Respondents.[1]
_____

## ORDER

The petitioner, Andre Juste, is a civil immigration detainee currently held at the Buffalo Federal Detention Facility. On May 3, 2016, he filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that he is being detained in violation of the Constitution or laws of the United States. Docket Item 1.

---

[1] Federal Rule of Civil Procedure 25(d) provides for the automatic substitution of public officers who are parties in an official capacity. Although the Rule states that "[l]ater proceedings should be in the substituted party's name," it also makes clear that "any misnomer not affecting the parties' substantial rights must be disregarded." Because the petitioner has more than a dozen other civil cases pending in this district—and in order to limit the chances of confusion—the caption of this order conforms to the electronic docket and most of the filings in this case (including the R&R, the respondents' papers, and the petition itself).

Additionally, the fact that this caption does not list Todd Tryon as a separate respondent has not prejudiced the plaintiff. The respondents have conceded that Mr. Tryon, the person who had "direct control over the detention of the petitioner," was a "proper respondent in this habeas proceeding." Docket Item 9 at 1, n.1.

**BACKGROUND**

On August 9, 2016, this Court referred this matter to United States Magistrate Judge Jeremiah J. McCarthy. Docket Item 12. On February 14, 2017, Judge McCarthy issued a Report and Recommendation (the "R&R"), in which he recommended that the petition "be denied, including petitioner's request for injunctive relief and for attorney's fees and costs under the [Equal Access to Justice Act], without prejudice to his right to file another habeas petition if his continued detention becomes violative of the Constitution or otherwise unlawful." Docket Item 48 at 7. Judge McCarthy further recommended that eleven motions filed by the petitioner (Docket Items 7, 28, 30, 35, 36, 37, 39, 40, 43, 44, 46) "be denied as moot, but without prejudice to his right to seek this relief in any future habeas actions." Docket Item 48 at 7-8.

With respect to dispositive matters, this Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). With respect to non-dipositive matters, this Court "may reconsider" the magistrate judge's decision only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires this Court to review, under either a de novo or lesser standard, the portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

After Judge McCarthy issued the R&R, the petitioner filed four items (Docket Items 49, 50, 51, 52). Docket Item 49, an "Affidavit," predates the R&R (i.e., they

2

apparently crossed in the mail); in any event, it repeats the petitioner's previous filings. Docket Item 50 is a photocopy of a "Motion to Release" that the petitioner previously filed. *Compare* Docket Items 50 & 44.[2] Docket Item 51 is an "Amended Complaint" that attempts to assert claims for money damages and injunctive relief based on alleged violations of the petitioner's rights. And Docket Item 52 is a motion for a protective order or other injunctive relief, in which the petitioner claims that the respondents are attempting to kill him using nuclear, biological, or chemical agents.

## CONCLUSION

The petitioner's recent filings do not properly object to—or even address—the R&R. Therefore, de novo review is not required. This Court nevertheless has carefully reviewed the petitioner's recent submissions as well as the submissions that resulted in R&R. Based on that review, this Court adopts the R&R in its entirety. Accordingly, the petition (Docket Item 1) and the motions docketed as Docket items 7, 28, 30, 35, 36, 37, 39, 40, 43, 44, and 46 all are denied without prejudice.

Further, Docket Item 51 (to the extent that the petitioner seeks to amend the habeas petition herein) and Docket Item 52 are denied without prejudice to requesting the same relief in the more-than-a-dozen civil actions that the petitioner currently has pending in this district.[3] The motion docketed as Docket Item 50 is terminated because it is a duplicate of Docket Item 44.

---

[2] Docket Item 44 itself is a word-for-word (but separately handwritten) copy of a "Motion to Release" that had been entered on the docket a few days earlier. *Compare* Docket Items 44 & 43.

[3] In fact, the petitioner previously requested relief in one of those cases based on incredible allegations similar to those in Docket Item 52—i.e., that the respondents "have been using [weapons] of mass destruction" to "attempt to kill" him. W.D.N.Y. Docket No. 16-cv-126, Docket Item 5.

This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this decision would not be taken in good faith, and leave to appeal to the Court of Appeals in forma pauperis is denied. The Clerk of Court shall take all steps necessary to close this case.

IT IS SO ORDERED.

Dated: April 13, 2017
       Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE